UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-2343(DSD/TNL)

Catherine Precht and Quint Precht,

            Plaintiffs,

v.                                                    **ORDER**

Menard, Incorporated, d/b/a
Menard, Incorporated, (a/k/a
Menard's), a foreign corporation;
and Menard, Inc. d/b/a Menard,
Incorporated (a/k/a Menard's),
a foreign corporation,

            Defendants and
            Third-Party Plaintiffs,

v.

Knight Security, Inc.,

            Third-Party Defendant.


        Beth L. LaCanne, Esq. and Tomsche, Sonnesyn & Tomsche, P.A.,
        8401 Golden Valley, Road, Suite 250, Golden Valley, MN 55427,
        counsel for defendant Menard Incorporated.

        Michael D. Barrett, Esq. and Cousineau, Van Bergen, McNee &
        Malone, P.A., 12800 Whitewater Drive, Suite #200, Minnetonka,
        MN 55343, counsel for third-party defendant Knight Security,
        Inc.


        This matter is before the court upon the motion for summary

judgment by third-party defendant Knight Security, Inc.  Based on

a review of the file, record, and proceedings herein, and for the

following reasons, the court denies the motion.

**BACKGROUND**

This contract dispute arises out of Knight's obligation to indemnify defendant and third-party plaintiff Menard Inc. for injuries plaintiff Catherine Precht allegedly sustained while working as a Knight employee at a Menard's store in Hutchinson, Minnesota (the Store).

On June 21, 2007, Menard's and Knight entered into a service contract in which Knight agreed to provide security services and personnel for Menard's at the Store.  Tomsche Aff. Ex. A.  Knight also agreed to purchase insurance covering "it and Menard's from claims arising out of [Knight's] ... performance ... [at the Store] ...."  Id. ¶ 11.  To that end, Knight purchased a general, commercial liability insurance policy (the Policy) listing Menard's as an additional insured.  Id. Ex. B.  In addition, under the contract, Knight agreed to "indemnify, hold harmless, and defend Mendard's ... from any liability, damages, expenses, claims, demands, actions, or causes of action ... arising out of [Knight's] performance [of the contract] ... whether such liability, damages, expenses, claims, demands, actions, or cause of action are caused by [Knight] ...."  Id. Ex. A ¶ 17.

On January 12, 2012, Precht was allegedly injured when she slipped and fell on snow-covered ice during a security walk outside the Store.  Compl. ¶ IV.  On June 9, 2017, Precht commenced this action against Menard's in McLeod County District Court, raising

negligence and loss of consortium claims under Minnesota law.[1]  Id. ¶¶ IX, X.  On June 28, 2017, Menard's timely removed to this court. ECF No. 1.

On April 17, 2018, Menard's filed a third-party complaint against Knight, seeking contribution or indemnification to cover Precht's alleged damages.  Third-Party Compl. ¶ 7.  Knight now moves for summary judgment.  Specifically, Knight seeks a declaration of rights and liabilities under the contract and dismissal of the third-party complaint.

## DISCUSSION

### I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient ....").

---

[1]  Precht claims that Menard's was negligent because it failed to take "affirmative steps to treat certain portions" of the Store for ice accumulation.  Compl. ¶ VII.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.   The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record."   Fed. R. Civ. P. 56(c)(1)(A).   If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

## II.  Indemnification

"Judicial interpretation of a contract, including an insurance policy, seeks to determine and give effect to the intent of the contracting parties."[2]  Am. Family Mut. Ins. Co. v. Am. Girl, Inc., 673 N.W.2d 65, 73 (Wis. 2004).  "Where the terms of a contract are clear and unambiguous, [the court] construe[s] the contract according to its literal terms."   Gorton v. Hostak, Henzl & Bichler, S.C., 577 N.W.2d 617, 623 (Wis. 1998).

"The general rule accepted in [Wisconsin] and elsewhere is that an indemnification agreement will not be construed to cover an

---

[2]   The contract in this case "shall be construed in accordance with the laws of the State of Wisconsin."   Tomsche Aff. Ex. A. ¶ 18.

indemnitee for his own negligent acts absent a specific and express statement in the agreement to that effect." Spivey v. Great Atl. & Pac. Tea Co., 255 N.W. 469, 472 (Wis. 1977).   An exception to this rule is "if it is clear that the purpose and unmistakable intent of the parties in entering into the contract was for no other reason than to cover losses occasioned by the indemnitee's own negligence, indemnification may be afforded." Id.   An agreement to purchase liability insurance in addition to a contractual provision holding the indemnitee harmless from any liability evidences the clear intent of the parties that the contract intended to provide for the indemnification of the indemnitee from the effects of his own negligence. See Hastreiter v. Karau Bldgs., Inc., 205 N.W.2d 162, 163-64 (Wis. 1973); Mikula v. Miller Brewing Co., 701 N.W.2d 613, 625 (Wis. Ct. App. 2005).

It is undisputed that Precht's alleged injuries occurred while she was performing security services as a Knight employee.   The contract expressly provides that Knight would indemnify Menard's for any liability, damages, expenses, claims, or causes of action arising out of Knight's performance at the Store. See Tomsche Aff. Ex. A ¶ 17.   Such broad contractual language plainly applies to Menard's alleged negligence in this case.   Indeed, the contract also provides that Knight would indemnify Menard's regardless of whether such liability, damages, expenses, claims, or causes of action were caused by Knight.   Because the contract's language is

plain and unambiguous, it must be enforced as written.

Moreover, the contract also evinces Knight's intent to indemnify Menard's because it committed Knight to purchase the Policy to cover the very kind of circumstances as presented here. See, e.g., Mikula, 701 N.W.2d at 625 (internal citation omitted) (finding that a similar contract provision requiring the purchase of an insurance policy "considered in combination with an agreement to indemnify and [hold] harmless ... from any and all liability ... evidences a clear intent to indemnify ... for all liability, including that resulting from the indemnitee's own alleged negligence."). As a result, Knight has an obligation to indemnify Menard's.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Knight's motion for summary judgment [ECF No. 43] is denied; and

2. Knight must indemnify, hold harmless, and defend Menard's in this action.

Dated: September 28, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court